# EXHIBIT 1

IN THE DISTRICT COURT OF LEFLORE COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| MICK F. LAFEVERS d/b/a TOTE-A-POKE,<br><br>   Plaintiff,<br><br>vs.<br><br>FIRST DATA MERCHANT SERVICES<br>CORPORATION d/b/a FIRST DATA<br>MERCHANT SERVICES LLC,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. CJ- 17-131<br>)<br>)<br>)<br>)<br>) |

## SUMMONS

To the above-named Defendant:   **First Data Merchant Services Corporation**
**d/b/a First Data Merchant Services LLC**

You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached Petition of the Plaintiff in the court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff.

Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this 12 day of July, 2017.

(S E A L)

BY: Renee Holcomb
Deputy Court Clerk

Attorney for Plaintiff(s):
Juston R. Givens, OBA No. 19102
Ashley M. Schovanec, OBA No. 32502
PHILLIPS MURRAH P.C.
Corporate Tower – 13th Floor
101 North Robinson
Oklahoma City, OK 73102
Telephone: (405) 235-4100
Fax: (405) 235-4133

   YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THE SUMMONS.

IN THE DISTRICT COURT OF LEFLORE COUNTY
STATE OF OKLAHOMA

FILED
JUL 19 2017
MELBA L. HALL, COURT CLERK
STATE OF OKLA.-LEFLORE COUNTY

MICK F. LAFEVERS d/b/a TOTE-A-POKE, )
)
      Plaintiff, )
)
vs. ) Case No. CJ-17-131
)
FIRST DATA MERCHANT SERVICES )
CORPORATION and FIRST DATA )
MERCHANT SERVICES LLC, )
)
      Defendant. )

## AMENDED PETITION

Plaintiff, Mick F. LaFevers d/b/a Tote-A-Poke ("LaFevers") for its amended cause of action against Defendants First Data Merchant Services Corporation and First Data Merchant Services LLC (collectively "First Data") alleges and states as follows:

### JURISDICTION AND VENUE

1. Mick F. LaFevers is an individual residing in LeFlore County, Oklahoma.

2. Upon information and belief, First Data Merchant Services Corporation is a Florida corporation doing business in Oklahoma with its principal place of business in Atlanta, Georgia.

3. Upon information and belief, First Data Merchant Services LLC is a Florida limited liability company doing business in Oklahoma with its principal place of business in Atlanta, Georgia.

4. The substantial part of the facts giving rise to this lawsuit arose in Leflore County, Oklahoma.

5. Jurisdiction and Venue are proper in LeFlore County, State of Oklahoma.

## GENERAL ALLEGATIONS

6. First Data provides a line of payment processing solutions for various businesses. The company's payment processing solutions include credit card, debit card, check acceptance, private label card and purchasing card solutions for retail, restaurant, convenience stores, drug stores, etc.

7. LaFevers is the owner of ten Tote-A-Poke convenience stores, located in Heavener (two stores), Hodgen, Howe, McCurtain, Panama, Pocola, Poteau (two stores) and Wister, Oklahoma.

8. In 2007, LaFevers entered into ten separate contracts (the "Contracts") with First Data for each of LaFevers ten Tote-A-Poke convenience stores.

9. The Contracts were signed on the same date, at the same time.

10. LaFevers entered into the Contracts with First Data sales representative Harold Henson.

11. Each of the ten contracts were assigned account numbers. The ten account numbers are: 05150740001, 05150740002, 05150740003, 05150740004, 05150740005, 05150740006, 05150740007, 05150740008, 05150740009 and 051507400010. The last digit(s) of these account numbers correlate to the ten Tote-A-Poke store numbers.

12. LaFevers entered into the Contracts with First Data for the purpose of obtaining certain services related to credit/debit cards.

13. The credit/debit card services were to be provided by First Data for a transaction fee of .065.

14. For all ten of the Tote-A-Poke stores, the absolute same services were to be provided by First Data.

15. Before LaFevers signed the Contracts, Mr. Henson represented to LaFevers that all ten contracts were exactly the same.

16. There would be no reason to believe otherwise as the services to be provided were the same.

17. The Tote-A-Poke stores are in rural areas with varying populations. Some of the stores experience the use of credit/debit cards on a more regular basis.

18. Consequently, the stores are not an apple-to-apple comparison, on the surface, with regard to transaction fees charged.

19. There are two towns in which two Tote-A-Poke stores are located: Poteau, Oklahoma (store No. 1 and No. 4) and Heavener, Oklahoma (store No. 3 and No. 9).

20. Because of an unexplained discrepancy in the gasoline revenue in the two Heavener stores, Toke-A-Poke management performed a detailed review of the accounts for these stores, including all expenses accounts. This review included a detailed analysis of First Data's on-line records and not merely a review of monthly statements. The transaction fee at issue is not included in the monthly statement.

21. On December 8, 2016, it was discovered, for the first time, that First Data was charging different transaction fees for the two stores (stores No. 3 and No. 9), in the exact same town, for the exact same services.

22. Store No. 3's transaction fee is the .065 fee LaFevers contracted for in 2007. Store No. 9's transaction fee is .65.

23. Store No. 9's transaction fee is missing an important zero.

24. Upon discovering this mistake, LaFevers looked into each of the ten contracts to see what transaction fees appeared in each of the Contracts.

25. LaFevers discovered that Store Nos. 8, 9 and 10 all have this same error in the contracts.

26. The three contracts for Store Nos. 8, 9 and 10 list a transaction fee of .65.

27. LaFevers also discovered a problem with Store No. 7's transaction fee. The contract for Store No. 7 lists the transaction fee as .065. However, LaFevers investigation of the financial records for the ten Tote-A-Poke stores and the fees First Data was charging for the Contracts revealed that until December 9, 2016, the transaction fee actually charged by First Data for Store No. 7 was .65.

28. On December 8, 2016, First Data was notified by LaFevers of the problems with the transaction fees it had been charging under the Contracts.

29. On December 9, 2016, all of the transaction fees for all ten of the Tote-A-Poke stores were changed by First Data to the negotiated rate of .065.

## FIRST CAUSE OF ACTION
### FRAUD/FALSE REPRESENTATION/NONDISCLOSURE/CONCEALMENT

30. Plaintiff incorporates by reference as if set forth herein the allegations contained in paragraphs 1-29.

31. First Data, through its sales representative Harold Henson, made false material representations to LaFevers that all ten Tote-A-Poke contracts were exactly the same.

32. At the time the Contracts were executed, First Data knew that the transaction fees in each of the ten contracts was not the same.

33. First Data deliberately concealed the material information related to the transaction fees in each of the ten contracts.

34. First Data made false representations and/or made statements intended to deceive LaFevers regarding the transaction fee to be charged in each of the ten contracts in order to induce LaFevers to enter into the Contracts.

35. LaFevers relied on First Data's false representations and fraudulent statements when executing the Contracts.

36. LaFevers, in reliance on First Data's false representations and fraudulent statements, has incurred a substantial loss of money as a result of the variation in transaction fees.

37. As a direct result of Defendants fraud, false representations, nondisclosures, and concealment, LaFevers has incurred significant monetary damages.

WHEREFORE Plaintiff, Mick F. LaFevers d/b/a Tote-A-Poke demands and prays for judgment against First Data for compensatory damages in excess of $75,000.00, together with attorney fees, costs, interest, and any further relief the Court deems appropriate.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

38. Plaintiff incorporates by reference as if set forth herein the allegations contained in paragraphs 1-37.

39. LaFevers entered into a contract for Store No. 7 with First Data in 2007.

40. According to the First Data contract, Store No. 7's contract was to include a transaction fee as .065, as was the agreement with regard to all of the accounts.

41. On December 8, 2016, LaFevers learned for the first time that First Data was charging a transaction fee of .65 on Store No. 7's contract. The amount of the transaction fee is not included in the monthly statement.

42. As a direct result of First Data's breach of Store No. 7's contract, LaFevers has incurred significant money damages.

WHEREFORE Plaintiff, Mick F. LaFevers d/b/a Tote-A-Poke demands and prays for judgment against First Data for compensatory damages in excess of $75,000.00, together with attorney fees, costs, interest, and any further relief the Court deems appropriate.

### THIRD CAUSE OF ACTION
### NEGLIGENCE

43. Plaintiff incorporates by reference as if set forth herein the allegations contained in paragraphs 1-42.

44. First Data owed a duty of care to LaFevers with respect to the Contracts at issue.

45. First Data breached its duty to LaFevers in numerous ways, including, but not limited to the following:

   a) Failing to charge the same .065 transaction fee for all ten contracts;

   b) Failing to review Store No. 7's contract to determine the contract's transaction fee of .065 prior to charging Store No. 7 a transaction fee of .65;

   c) Failing to review the transaction fees in each of the other nine contracts (for Store Nos. 1, 2, 3, 4, 5, 6, 8, 9 and 10) prior to charging each store a transaction fee; and

   d) Failing to review the transaction fees charged to each of the ten stores to ensure it was charging all ten stores the bargained for transaction fee.

46. As a direct result of First Data's negligence, LaFevers has incurred significant money damages.

WHEREFORE Plaintiff, Mick F. LaFevers d/b/a Tote-A-Poke demands and prays for judgment against First Data for compensatory damages in excess of $75,000.00, together with attorney fees, costs, interest, and any further relief the Court deems appropriate.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

47. Plaintiff incorporates by reference as if set forth herein the allegations contained in paragraphs 1-46.

48. The services provided to LaFevers by First Data at each of the stores nos. 1 through 10 are substantially the same. Each of the stores are located in rural areas with little differences in volume. Certain stores have more credit card sales from time to time. There is no difference that would justify a change in charge per transaction from .065 to .65.

49. By charging more for each transaction fee that was agreed to by LaFevers, First Data has been unjustly enriched on transactions from stores 8, 9, and 10.

50. Allowing First Data to retain the amount that it significantly overcharged LaFevers for the same services is inequitable.

WHEREFORE Plaintiff, Mick F. LaFevers d/b/a Tote-A-Poke demands and prays for judgment against First Data for compensatory damages in excess of $75,000.00, together with attorney fees, costs, interest, and any further relief the Court deems appropriate.

## REQUEST FOR PUNITIVE DAMAGES

51. Plaintiff incorporates by reference as if set forth herein the allegations contained in paragraphs 1-50.

52. First Data has recklessly disregarded its duty to deal fairly and act in good faith with LaFevers.

53. First Data has intentionally and with malice breached its duty to deal fairly and act in good faith with LaFevers.

54. LaFevers should be awarded punitive/exemplary damages against First Data.

WHEREFORE Plaintiff, Mick F. LaFevers d/b/a Tote-A-Poke demands and prays for judgment against First Data for compensatory damages in excess of $75,000.00, as well as exemplary or punitive damages, together with attorney fees, costs, interest, and any further relief the Court deems appropriate.

                                                     Respectfully submitted,

                                                     /s/ Ashley Schovanec
                                                   Juston R. Givens, OBA # 19102
                                                   Ashley M. Schovanec, OBA # 32502
                                                   **PHILLIPS MURRAH P.C.**
                                                   Corporate Tower, Thirteenth Floor
                                                   101 N. Robinson
                                                   Oklahoma City, Oklahoma 73102
                                                   Telephone:(405) 235-4100
                                                   Facsimile: (405) 235-4133

                                                   **ATTORNEYS FOR PLAINTIFF**

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**



7016 0600 0000 2550 3825

PM PHILLIPS MURRAH P.C.
*Attorneys and Counselors at Law*

Corporate Tower | Thirteenth Floor | 101 N. Robinson
Oklahoma City, Oklahoma 73102 | 405.235.4100 | Fax 405.235.4133
phillipsmurrah.com

**Return Receipt Requested**

To:

First Data Merchant Services Corporation
d/b/a First Data Merchant Services LLC
c/o Corporation Service Company
10300 Greenbriar Place
Oklahoma City, OK 73159